UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILKINS BUICK, INC. and REPUBLIC FRANKLIN INSURANCE COMPANY a/s/o WILKINS BUICK, <br><br> Plaintiffs, <br><br> v. <br><br> MAZDA MOTOR OF AMERICA, INC. a/k/a MAZDA NORTH AMERICAN OPERATIONS, <br><br> Defendant. | No. 14 CV 2908 <br> Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

Wilkins Buick, Inc. ("Wilkins") and Republic Franklin Insurance Company a/s/o Wilkins Buick ("Republic") (together, "Plaintiffs") filed a Complaint for Declaratory and Other Relief against Mazda Motor of America, Inc. a/k/a Mazda North American Operations ("MNAO"). MNAO now moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

**I. STATEMENT OF FACTS**

Wilkins was at all relevant times a Mazda dealer selling and servicing motor vehicles manufactured by Mazda Motor Corporation ("MMC") and distributed by MNAO. Wilkins held an insurance policy from Republic which covered its business in Illinois at all relevant times. Wilkins and MNAO were operating pursuant to a Dealer Agreement which included sales and service of Mazda motor vehicles, including the 2004 model year Mazda RX-8. Compl., Ex. 1, Doc. No. 13, Ex. C, Dealer Agreement.

MMC designed and manufactured a certain 2004 model year Mazda RX-8, VIN JM1FE173640128427 (hereinafter "the subject vehicle") on or prior to March 14, 2007. Wilkins

1

received the subject vehicle from MNAO pursuant to the Dealer Agreement, a written contract between Wilkins and MNAO, and sold and issued original title to the subject vehicle to Amy B. Ashland. Wilkins also performed recall work on the subject vehicle pursuant to a Mazda recall campaign. The subject vehicle was eventually possessed by Thomas Choi.

On or about March 14, 2007, the subject vehicle, driven by Choi and carrying passengers Karen Chiang and Cindy Young Kim, crashed into a concrete and steel support structure on the median of East Lower Wacker Drive. The subject vehicle was consumed by fire, and Choi, Chiang, and Kim were fatally injured. On March 13, 2009, Alice Chang, as independent administrator of Chiang's estate, and Ansel Kim, special administrator of Kim's estate, both filed separate but related lawsuits alleging wrongful death in the Circuit Court of Cook County, Illinois, County Department, Law Division, styled as 2009 L 003095 and 2009 L 003118, respectively. The underlying complaints allege manufacturing and design defect claims against MMC, and independent negligence claims against Wilkins for negligent servicing, repairing, and inspecting of the subject vehicle. Wilkins tendered its defense to MNAO under the Dealer Agreement on June 16, 2010 and received a response from MNAO on July 29, 2010.

On April 11, 2014, MNAO and MMC obtained an order dismissing the *Kim* litigation with prejudice as to all parties including MMC, MNAO, and Wilkins pursuant to the Mutual Confidential Settlement Agreement and Release between MMC, MNAO, and Kim. The claims in *Chang* remain pending and unresolved as to defendants MMC, MNAO, and Wilkins. Wilkins filed the present litigation, alleging that MNAO breached the subject Dealer Agreement by failing to defend and indemnify Wilkins in the *Chang* and *Kim* lawsuits. Plaintiffs allege that MNAO has refused to reimburse its defense costs to date.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows for judgment on the pleadings "after the pleadings are closed but within such time as not to delay the trial." The Rule 12(c) standard is analogous to the summary judgment standard, except that the court may consider only the contents of the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *Alexander v. City of Chi.,* 994 F.2d 333, 336 (7th Cir.1993). Generally, a written instrument attached to or even referred to in a complaint is part of the pleadings for all purposes. *Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir.2002). Material issues of fact preclude judgment on the pleadings, but "may be framed by an express conflict on a particular point between the parties' respective pleadings." *Travel AllOver the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423 (7th Cir.1996); 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1368 (3d ed.). Uncontested allegations to which the parties had an opportunity to respond are taken as true. *U.S. v. Wood,* 925 F.2d 1580, 1581 (7th Cir.1991).

Much like a Rule 12(b)(6) motion, when analyzing a Rule 12(c) motion, a court must accept "all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Travelers Indem. Co. v. General Medicine, P.C.*, 2007 WL 2668722, *1 (S.D. Ill. Sept. 7, 2007) (citing *Thomas v. Guardsmark, Inc.,* 381 F.3d 701, 704 (7th Cir.2004). A judgment on the pleadings should be granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief" and when there are no remaining material questions of fact for the court to resolve. *Id.; see also Moss v. Martin,* 473 F.3d 694, 698

(7th Cir.2007) (internal citation omitted). Dismissal of a complaint on a motion for judgment on the pleadings under Rule 12(c) is appropriate where a defendant asserts an affirmative defense that defeats the claim against it. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir.2012); *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010).

### III. DISCUSSION

Defendant moves for judgment on the pleadings arguing that it has no duty to defend or indemnify Wilkins against claims being asserted in the *Chang* and *Kim* litigation by making the following arguments: (1) the plain and unambiguous language of § 24(B)(i)(a) of the Dealer Agreement confirms that MNAO had no contractual duty to defend or indemnify Wilkins against claims based on accident and injuries from non-product liability claims of independent negligence; (2) Wilkins failed to timely tender its defense and indemnity to MNAO in accordance with the requirements of § 24(C)(ii)(a) of the Dealer Agreement; and (3) § 24(C)(i) of the Dealer Agreement plainly states that MNAO and Wilkins are each responsible for their own defense and indemnity in the underlying actions. Plaintiffs argue that the motion cannot be decided on a plain reading of the Dealer Agreement and other pleadings. Rather, Plaintiffs assert that the critical issue before the court is whether or not facts of the underlying case indicated that there was a reasonable belief that the focus of the litigation would be on MNAO, the manufacturer, or on Wilkins, the distributor. Plaintiffs also contend that MNAO's duty to defend was triggered solely by Defendant having "actual notice" of a claim and under a theory of estoppel for failing to treat and respond to the tender of defense as would be required of an insurer.

*Section 24(B)(i)(a) of the Dealer Agreement*

Defendant argues that the plain language of § 24(B)(i)(a) requires a finding that it is not required to defend or indemnify Plaintiffs for claims that are non-product liability claims based on independent negligence. Under Illinois law, "[i]ndemnity contracts will not be construed as relieving one of liability for his own negligence unless such an intention is expressed in unequivocal terms." *Dowling v. Otis Elevator Co.*, 549 N.E.2d 866, 870 (1989). Presented with unambiguous contract terms, I apply the "four-corners rule" and interpret the contract as written. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 878 (7th Cir. 2005); *Lewitton v. ITA Software, Inc.* 585 F.3d 377, 379-80 (7th Cir. 2009). Enforcing unambiguous contract terms is particularly appropriate here, as the negotiated contract at issue was executed and voluntarily entered into by two commercially sophisticated parties. *Bank of Am., N.A. v. Moglia*, 330 F.3d 942, 946 (7th Cir. 2003).

Section 24(B)(i)(a) expressly states that Mazda will be required to defend the Dealer, here, Wilkins, against "any and all claims…concerning or alleging (a) Bodily injury or property damage arising out of any occurrence *caused solely by a manufacturing or design defect* or alleged manufacturing or design defect." (emphasis added). The claims at issue are raised in the *Chang* and *Kim* underlying complaints. "Although a court usually may not consider materials outside the pleadings on a Rule 12(c) motion without treating the motion as one for summary judgment…an exception exists when a concededly authentic document is referred to in a complaint and is central to the plaintiff's complaint." *Gilils v. Meisner*, 525 Fed. Appx. 506, 508-509 (7th Cir. 2013). The underlying complaints, referenced in and central to the Complaint, allege negligence against Wilkins in its servicing, repairing, and inspecting of the subject vehicle. These allegations are independent of claims against MMC or MNAO. Based on the clear

5

language of the Dealer Agreement, I find that § 24(B)(i)(a) does not require Defendant to defend or indemnify Wilkins for alleged acts of negligence.

*Untimely filing under § 24(C)(ii)(a) of the Dealer Agreement*

Defendant also argues that even if it was required to defend or indemnify Wilkins against claims of negligence, Wilkins failed to timely tender its request for defense and indemnity to MNAO in accordance with the requirements of § 24(C)(ii)(a) of the Dealer Agreement. Under § 24(C)(ii)(a) of the Dealer Agreement, the obligation to defend or indemnify a party is "expressly conditioned" on the requesting party making such a request in writing and delivering the request to the other party "within twenty (20) days of service of any legal process or within twenty (20) days of discovery of facts giving rise to indemnification, whichever is sooner." Compl., Ex.1, Doc. No. 13, Ex. C, Dealer Agreement, p. 37.

While the complaints in the underlying cases were amended in September 2011, the allegations against Wilkins first appeared in the original *Chang* and *Kim* complaints which were served and filed in March 2009. Plaintiffs do not dispute that Wilkins did not submit a written request for defense or indemnification from MNAO until June 16, 2010, well after the twenty days within which the request to defend or indemnify was to be tendered. Rather, Plaintiffs make several flawed arguments for why Defendant is nonetheless obligated to defend and indemnify it.

First, Plaintiffs argue that MNAO acknowledged its duty to re-evaluate any tender of defense in correspondence to Wilkins on July 29, 2010 under § 24(C)(ii)(h) of the Dealer Agreement. Section 24(C)(ii)(h) permits re-tender of the request upon "subsequent developments in a case, supported by credible evidence." The plain language of this provision permits *re-tender*, not an initial tender, after the contractual limit of twenty days. Plaintiffs do not offer any

support for the proposition that MNAO's correspondence obviated the need for a timely original request for defense or indemnity.

Second, Plaintiffs argue that Defendant is akin to an insurer and so, the duty to defend is triggered by having "actual notice" of the claim, as in *Cincinnati Companies v. W. Am. Ins. Co.* 183 Ill.2d 317, 325, 701 N.E.2d 499, 503 (1998) (actual notice is sufficient to permit the insurer to locate and defend the lawsuit). To that end, Plaintiffs contend that MNAO did not respond to Wilkins' tender of defense as is required by an insurer, and therefore, it "should be estopped from using any other portions of the Dealer Agreement now as a defense to its duty to defend and indemnify Wilkins...." As an initial matter, Plaintiffs offer no support for treating the commercial relationship between a distributor and a seller like that of an insurer and insured, and I decline to impose the heightened duties of an insurer on MNAO.

Plaintiffs next contend that Defendant is estopped from newly arguing that Wilkins' tender was untimely under the "mend the hold" doctrine. Under the "mend the hold" doctrine, in force in Illinois, a party to a contract cannot, at least after the pleadings are complete, repudiate a position taken in the course of litigation over the contract. *Horwitz-Matthews, Inc. v. City of Chicago*, 78 F.3d 1248, 1251 (7th Cir. 1996). Plaintiffs offer a letter from Defendant stating that it declined Wilkins' initial tender on the grounds that it was not obligated to defend or indemnify independent claims of negligence, but that it would "continue to evaluate their obligations in the future." Compl., Ex. 9. Defendant, however, raised several affirmative defenses before pleadings were complete, including that Wilkins' claims are barred for failure "to comply with the timing requirements of Section 24(C)(ii)(a)." Doc. No. 10, Answer and Affirmative Defenses, ¶ 3. Defendant is not now estopped from asserting a position that it raised previously in its pleadings.

It is undisputed that Wilkins did not file a request within the twenty days required under § 24(C)(ii)(a) asking Defendant to defend and indemnify Wilkins in the underlying proceedings. As Defendant has asserted, an affirmative defense that defeats Plaintiffs' claim, Plaintiffs' Complaint is dismissed. Defendant's argument regarding § 24(C)(i), in the alternative, need not be considered.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint is dismissed with prejudice under Rule 12(c).

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: September 9, 2014